# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JIM HARRIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV891 TCM |
| | ) | |
| TERRY RUSSELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 45474), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $20.53. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $102.67, and an average monthly balance of $16.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $20.53, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Terry Russell (Warden); George Lombardi (Director, Missouri Department of Corrections); Stan Payne (Asst. Warden); Unknown (Mrs.) Duncan (Correctional Officer); and Unknown Pultz (Caseworker).

Plaintiff claims that on September 6, 2012, he "snitched" on his cellmate, telling officers at SECC that his "cellie" was hiding contraband in his cell. Plaintiff claims that as the search of the cell progressed, stamps were found hidden inside his cellie's peanut butter jar. Plaintiff claims that despite the jar belonging to his cellmate, he was the one taken to administrative segregation by defendants Duncan and Pultz. He claims that defendants Duncan and Pultz treated him with excessive force when they placed him in administrative segregation, hog tying him to a bench in administrative segregation by "extending his feet in mid-air, while chaining his arms to the metal bench." Plaintiff states that he was kept in this position for a short time while they searched his cell, but that it caused him pain, nonetheless. Plaintiff claims that he has severe arthritis, bone disease, nerve damage from a gunshot wound to the neck and a broken jaw which was aggravated by the alleged excessive force (the "hog-tying") of defendants Duncan and Pultz.

Plaintiff was in administrative segregation nine days, and he claims that no other white inmates were placed in administrative segregation for "stamps, tobacco or lighters, they were only fired."

Plaintiff seeks monetary damages in an amount of $500,000 from each defendant, as well as punitive damages in an amount of $2.5 million. Plaintiff has not made any allegations against defendants Russell, Lombardi or Payne.

## Discussion

The complaint is silent as to whether defendants Duncan or Pultz are being sued in their official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under

§ 1983." Id.  As a result, the complaint fails to state a claim upon which relief can be granted, with respect to defendants Duncan or Pultz.[1]

Additionally, the complaint fails to state a claim against defendants Russell, Lombardi or Payne. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that Russell, Lombardi or Payne were directly involved in or personally responsible for the alleged violations of his constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted with respect to these defendants as well.

---

[1] Moreover, to the extent plaintiff was attempting to assert a constitutional claim for his placement in administrative segregation, he has failed to do so.  To state a claim under § 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).  Plaintiff has made no such allegations.  As a result, the complaint is frivolous or fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $20.53 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of June, 2013.

    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE